IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARK SUMNER**                                                                                    **PLAINTIFF**

**V.**                                                               **CIVIL CAUSE NO. 4:22-CV-180-DAS**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Mark Sumner filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability, disability insurance benefits, and supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 12. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

## FACTS

The plaintiff filed for a period of disability and disability insurance benefits on August 5, 2020, and for supplemental security income on August 11, 2020, alleging onset of disability commencing on May 29, 2020. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on March 29, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the claimant had the following severe impairments: congestive heart failure status post myocardial infarction with coronary artery grafting, ejection fraction of 35-40 percent, morbid obesity, and history of a right total knee replacement with post-surgical infection

requiring additional surgery. The ALJ found he retained the residual functional capacity (RFC) to perform light work with the following additional limitations: occasionally stoop but no kneeling, crouching, or crawling; cannot balance on narrow or moving surfaces; the freedom (not requirement) to alternate between sitting and standing at 30-minute intervals; a climate controlled environment to avoid temperature and humidity extremes; should not be exposed to environmental hazards including, but not limited to, unprotected heights or unguarded machinery.

While the plaintiff cannot perform any of his past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were other jobs in the national economy that would fit within his RFC. For example, the ALJ found he can work as an office helper and ticket taker. These two jobs represent 338,000 and 128,000 jobs respectively in the national economy.

## **ANALYSIS**

The plaintiff takes issue with the RFC assessment claiming the record does not support an ability to perform the exertional demands of light work. He claims the sit/stand option "is completely arbitrary and has no basis in the actual record." The plaintiff argues the ALJ failed to properly consider the effects of his cardiovascular impairments and should have adopted a limitation regarding exposure to pulmonary irritants. Finally, the plaintiff explains he ALJ erroneously relied on a reference to the plaintiff's physical capabilities taken from a medical record prior to the alleged onset date.

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C.

§ 405(g); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 553(5th Cir. 1995). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The ALJ is solely "responsible for determining an applicant's residual functional capacity." *Ripley,* 67 F.3d at 557 (citing 20 C.F.R. § 404.1546). It is not a medical opinion, but an administrative decision, and the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted).

  The Commissioner responds by identifying record evidence supporting the RFC determination. For example, the Commissioner cites an October 20, 2020, treatment record indicating the plaintiff walked without an assistive device and a December 29, 2021, treatment record evidencing normal cardiac examination, normal range of motion, and normal strength in upper and lower extremities. With respect to the sit/stand limitation, the Commissioner maintains this finding is supported by the plaintiff's hearing testimony that he can only sit comfortably for 20-30 minutes before having to "readjust."

  Despite these supportive findings, the record evidence also indicates that the plaintiff experienced palpitations, shortness of breath, and dyspnea on exertion. Consultative examiner Dr. Adams indicated the plaintiff "has strong exercise limitations" and reported he "has chest pain everyday." In fact, Dr. Adams stated he was "a poor candidate for a treadmill stress test" because "he doesn't breathe well" due to his cardiomyopathy. The ALJ's decision does not explain how these findings are consistent with the standing and walking requirements of light

work; and without an explanation, the court cannot conclude that substantial evidence supports the ALJ's findings as to a light RFC.

Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g). On remand, the Commissioner is instructed to identify the record evidence supporting its determination that the plaintiff can perform the standing and walking requirements of light work, especially in light of his cardiovascular impairments.

**SO ORDERED**, this the 9th day of May, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**