IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARK DEWAYNE SUMNER                                                                                    PLAINTIFF

V.                                                                                  CIVIL CAUSE NO. 4:24-CV-122-DAS

COMMISSIONER OF SOCIAL SECURITY                                                        DEFENDANT

ORDER GRANTING
PAYMENT OF ATTORNEY'S FEES

Mark Dewayne Sumner filed this civil action on November 22, 2022, to appeal the Commissioner's denial of disability benefits. Doc. 1. This court entered an Order remanding this case to the Social Security Administration on May 9, 2023. Doc. 21. On May 24, 2023, this court granted the plaintiff an award of attorney's fees totaling $4,583.40 under the Equal Access to Justice Act (EAJA) for 19.70 hours of attorney time. Doc. 25.

On September 4, 2025, counsel for the plaintiff filed the instant motion for attorney's fees under 42 U.S.C. § 406(b)(1). Doc. 28. Counsel reports that the plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed before the agency and in Federal District Court in the amount of $14,395.60. Doc. 29.

The Agency withheld a total of $26,179.00, twenty-five percent (25%) of the total of the plaintiff's past due benefits, to pay her representative. *Id*. Counsel explains the $14,395.60 requested in the instant motion constitutes the remaining portion of the 25% fee for work before the agency and federal court, which is the difference between the total amount withheld ($26,179.00) and the administrative fee authorized by the agency ($7,200) combined with the EAJA fee that was already awarded ($4,583.40).

In its response, the Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards under which such a request is evaluated and the procedure by which an awarded amount is paid. Doc. 30.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019).

[2] In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 807-08 (cleaned up).

later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The instant motion was filed on September 4, 2025, within a week from the date the Social Security Administration advised counsel and Mr. Sumner regarding the benefits he would be receiving. Doc. 28-1. The court therefore finds that counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the court now turns to whether the amount requested is proper. Following analysis in *Bays v. Commissioner*, the court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency-fee agreement signed by the plaintiff, wherein the plaintiff acknowledges that her attorney will seek payment of attorney fees from past-due benefits awarded for representing her in federal court.

Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result." *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $14,395.60 from fees withheld by the Agency from the plaintiff's past-due benefits, taken in conjunction with the $4,583.40 EAJA award, would result in an effective rate of $963.40 per hour for the 19.70 hours of reasonable work expended by counsel in federal court. While the resulting hourly rate is certainly higher

than the average hourly rate for Mississippi attorneys for non-contingent hourly charges,[3] the fact of a contingency agreement warrants an enhanced fee:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by the clients in cases where lawyers are paid an hourly rate.

*Hensley v. Eckerhart*, 461 U.S. 424, 448-449 (1983) (Brennan J., concurring).

The plaintiff's counsel specializes in the representation of Social Security claimants and has provided the plaintiff with prompt, successful representation in this court. Even where successful, counsel may work on a case for years before seeing any compensation. In this case, counsel represented the claimant beginning no later than November 2022 and received some compensation in May 2023 but has waited another two years for full compensation for her federal court representation. Considering the difficulty and complexity involved in Social Security appeals and the above factors, the court finds that the requested fee is reasonable.

Second, the court notes that counsel's briefing in this court —which included reviewing a 699-page administrative record and drafting detailed briefing—resulted in this case being remanded to the Social Security Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, the plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on her part. Finally, the § 406(b) fee requested is within the statutory limit imposed by § 406(b)(1)(A).

---

[3] More than fifty percent of Mississippi attorneys reported their regular hourly rate was between $200 and $300 dollars per hour. At the high end about just over 6% reported hourly rates of $400 dollars or more according to the 2022 Mississippi Bar Association Economic survey.

Combined with the $7,200 administrative fee, the plaintiff's counsel is due to receive $26,179.00, as bargained for in the employment contract. For the foregoing reasons, the plaintiff's Motion for Award of Attorney Fees under 42 U.S.C.§ 406(b)(1) is GRANTED. Plaintiff's counsel is awarded $14,395.60, which is to be paid from the plaintiff's past-due benefits withheld by the Agency in accordance with Agency policy. Because plaintiff's counsel credited the amount of the EAJA fees amount she already received in seeking this award, the court will not require that counsel for plaintiff reimburse plaintiff any amount, and the remaining balance of the plaintiff's past-due benefits withheld by the Agency shall be paid to plaintiff.

SO ORDERED, this the 11th day of September, 2025.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE